**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 3 - 2009 ★

**BROOKLYN OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X

UNITED STATES OF AMERICA,

        v.

JAIME GONZALEZ,

        Defendant.

-------------------------------------------------X

02CR355 (SJ)

<u>MEMORANDUM</u>
<u>AND ORDER</u>

APPEARANCES

UNITED STATES ATTORNEY
Benton J. Campbell
United States Attorney
271 Cadman Plaza East
Brooklyn, NY 11201
BY:   Carolyn Pokorny

BERNARD ALAN SEIDLER
580 Broadway
New York , NY 10012
By:   Bernard Alan Seidler

JOHNSON, Senior District Judge:

1

Presently before the Court is a Mandate issued by the United States Court of Appeals for the Second Circuit on April 25, 2008, remanding Defendant Jaime Gonzalez (the "Defendant") for re-sentencing pursuant to <u>Kimbrough v. United States</u>, 552 U.S. ___, 128 S.Ct. 558 (2007). The Court has carefully considered the Mandate; the Defendant's re-sentencing memorandums, filed on August 15, 2008, February 6, 2009, and March 2, 2009; the government's re-sentencing submissions, filed on September 3, 2008, December 17, 2008, and March 23, 2009; the Third Addendum to the Presentence Report, prepared by the Probation Department on September 15, 2008 ("Third Addendum to the PSR"); and the factors enumerated in 18 U.S.C. § 3553(a). The Court also considers the parties' submissions at oral argument on January 16, 2009 and on March 26, 2009. Based on these considerations and for the following reasons, the Defendant is re-sentenced to a term of life imprisonment.

## Background

The Court assumes the parties' familiarity with the underlying facts of this case. Briefly summarized, on December 12, 2002, the Defendant was convicted by a jury following a trial before District Judge Allyne Ross of one count of conspiring to distribute and possess with intent to distribute more than 50 grams of

cocaine base (or, crack cocaine).[1] The Defendant was the leader of a group of crack dealers known as the "Panos," which operated out of the Red Hook housing complex for approximately a decade and which the original Presentence Report ("PSR") estimated sold approximately 50 grams of crack each week. (See PSR, ¶¶ 3-7, 18.) On June 11, 2003, the Defendant was sentenced before this Court to a term of life imprisonment, based on the Court's determination that his total offense level was 44 and his Criminal History category was I. which yielded a Guideline range of life. Specifically, the Court adopted the findings in the original PSR that the Defendant was responsible for more than 2.6 kilograms of crack, that the Defendant's leadership role in the organization merited a four point enhancement, and that the Defendant's perjured testimony at his trial (that he never sold drugs) warranted an additional two point enhancement for obstruction of justice.

The Defendant appealed his sentence and, in a Mandate issued on March 13, 2005, the Court of Appeals for the Second Circuit rejected all of the Defendant's arguments, but remanded to this Court for additional findings concerning the obstruction of justice enhancement and pursuant to United States v. Crosby, 397 F.3d 103, 108-11 (2d Cir. 2005) (implementing the Supreme Court's decision in United States v. Booker, 543. U.S. 220 (2005), that the sentencing guidelines are advisory, not mandatory). At the Defendant's first re-sentencing

---

[1] Judge Ross recused herself from this case prior to sentencing because the Defendant filed a civil lawsuit against her alleging that she, the prosecutors, and others had violated his intellectual property rights by using his name in court papers. Following Judge Ross' recusal, this case was reassigned to this Court.

hearing on March 31, 2006, this Court provided additional findings to explain why the two point enhancement for obstruction of justice was warranted, noted that the Guidelines were advisory, not mandatory, and, after considering all of the factors listed in 18 U.S.C. § 3553(a), re-sentenced the Defendant to life imprisonment.

The Defendant again appealed and, in a Mandate issued on November 15, 2007, the Second Circuit affirmed the judgment. The Defendant then appealed to the Supreme Court and, on February 19, 2008, the Supreme Court granted certiorari and remanded the Defendant's case for re-sentencing pursuant to Kimbrough v. United States, 552 U.S. __, 128 S.Ct. 558 (2007) (holding that the crack Guidelines, like all Guidelines, are advisory). As noted supra, the Second Circuit then remanded the case to this Court for re-sentencing consistent with Kimbrough.

**Discussion**

A. The Scope of the Mandate

In his sentencing submissions, [2] the Defendant argues that the Court should hold a hearing on the amount of cocaine base involved and the Defendant's role in

---

[2] Although the Defendant requested, and received, additional time to brief this argument, the Defendant's second sentencing submission (dated 02/06/09) repeats, verbatim, the arguments made in the Defendant's first sentencing submission (dated 08/15/08). The only difference between these submissions is that the second letter no longer requests that the case be re-assigned to Judge Ross – a request that the Court had previously denied as meritless on the record.

the organization. (See Def. Letter of 02/06/09; Def. Letter of 08/15/08.) For the foregoing reasons, the Court denies the Defendant's request for a hearing.

Such a hearing is beyond the scope of the Mandate before this Court, which is limited to a reconsideration of the Defendant's sentence in light of the Kimbrough holding that the crack Guidelines are advisory. The issues that the Defendant seeks to challenge through a hearing constitute the law of the case. See United States v. Williams, 475 F/3d 468, 475 (2d Cir. 2007) ("[T]he law of the case doctrine ordinarily will bar a defendant from renewing challenges to rulings made by the sentencing court that were adjudicated by this Court—or that could have been adjudicated by us had the defendant made them during the initial appeal that led to the Crosby remand."); see also United States v. Quinteri, 306 F.3d 1217, 1225-26 (2d Cir. 2002). The Defendant has now twice appealed his sentence and has therefore had multiple opportunities to challenge the drug weight and his role in the offense. The Defendant has advanced no reason why the Court should reconsider its decision to adopt the findings of the original PSR and hold him responsible for 2.6 kilograms of crack and to award a four point enhancement based on the Defendant's leadership role. See Quinteri, 306 F.3d at 1229-31 (enumerating exceptions to the law of the case doctrine). The Court therefore DENIES the Defendant's request for a hearing on these issues.

B. <u>The Defendant's Eligibility for a Reduction to his Base Offense Level</u>

As all of the parties agree, the Defendant is now eligible for a two point reduction to his base offense level, based on the retroactive amendments to the Sentencing Guidelines for crack offenses. <u>See</u> U.S.S.G. App. C., Amend. 706, as amended by Amed. 711 (effective 11/01/07); <u>see also</u> Third Addendum to the PSR.[3]

The Court GRANTS the Defendant a two point reduction to his base offense level, reducing that level from 38 to 36. Considering the two point enhancement for obstruction of justice and the four point enhancement for the Defendant's leadership role, the Court determines that the Defendant's new total offense level is 42. With a Criminal History category of I, therefore, the Defendant's revised Guideline range is now 360 months to life.

C. <u>Re-Sentencing Pursuant to *Kimbrough*</u>

The Court considers that the Sentencing Guidelines for crack offenses are, like all other Guidelines, advisory—not mandatory. <u>See</u> <u>Kimbrough v. United States</u>, 552 U.S. ___, 128 S.Ct. 558 (2007); <u>United States v. Regalado</u>, 518 F.3d 143, 146 (2d Cir. 2008) (requiring district court consider whether it would have imposed a non-Guidelines sentence had the court known that the crack Guidelines are advisory). The Court also notes that it has discretion to reject and vary the

---

[3] The Third Addendum to the PSR incorrectly describes the Defendant's original total offense level as 43. In fact, as verified by the original Judgment (dated 06/11/03), the Defendant's total offense level was 44.

100:1 crack-cocaine ratio contained in the Guidelines.  See Spears v. Untied States, 555 U.S. ___, 129 S. Ct. 840 (2009).

The Court has carefully considered the parties' multiple submissions, the Third Addendum to the PSR, and the factors enumerated in 18 U.S.C. § 3553(a). The Court finds that a sentence of life imprisonment is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). In particular, the Court considers the serious nature of the offense with which the Defendant is charged, including the amount of crack sold by the Panos operation over more than a decade in the Red Hook housing complex, and the fact that the Defendant was the leader of this organization.  See 18 U.S.C. § 3553(a)(1).  The Court notes that the Defendant began dealing drugs in the late 1980s, was then deported to Panama, and then returned illegally shortly thereafter to resume selling drugs, leading to his arrest and conviction in this case.  See id.  The Court considers that a life sentence is necessary to reflect the seriousness of this offense, to adequately deter the Defendant from further crimes, and to protect the public from future crimes by the Defendant.  See 18 U.S.C. § 3553(a)(2).  While the Court has considered the Defendant's submissions, including the fact that the Defendant has an unobjectionable disciplinary record and the fact that the Defendant supported his children and step-children prior to his arrest, these factors do not outweigh the serious nature of the offense.

For the foregoing reasons, the Defendant is re-sentenced to a term of life imprisonment.

SO ORDERED.

DATED:                                           /s/(SJ)
        April _1_, 2009          _____
        Brooklyn, New York       Sterling Johnson, Jr, U.S.D.J.